IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2017

## MARCUS DEANGELO LEE v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 97-01964      John W. Campbell, Judge

No. W2016-02208-CCA-R3-CD

The Defendant, Marcus Deangelo Lee, pleaded guilty in 1997 to escape from felony incarceration, and the trial court sentenced him to one year and ordered that his sentence run consecutively to a three-year sentence the Defendant received for drug-related and firearm convictions in 1995. Since that time, the Defendant has been arrested and convicted on other charges unrelated to this case. Almost seventeen years later, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 with regard to jail credits for his 1997 felony escape conviction. The trial court summarily dismissed the motion, and the Defendant appeals. On appeal, he contends that the trial court erred when it summarily dismissed his motion because the trial court improperly amended his judgment to reflect 103 days of jail credit, which he argues resulted in his sentences running concurrently rather than consecutively as mandated by statute. We affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

Marcus DeAngelo Lee, Springfield, Missouri, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and G. Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's escape from incarceration in 1997. The Defendant has been before this court on nine previous occasions and has been before a

federal appellate court numerous other times, never obtaining the relief he sought and, on occasion, having his appeal dismissed because it was not filed in good faith. Because the procedural history is so complex, we will only summarize it as it relates to our holding.

The Defendant filed his motion to correct an illegal judgment entered on May 30, 1997, as amended on September 3, 1998. That judgment of conviction shows that the Defendant pleaded guilty to felony escape from an institution where he was incarcerated serving time for felony drug related and firearm offenses committed in 1995. The trial court sentenced him as a Range I Offender, to one year in the workhouse. The Defendant asserted in his motion to correct the judgment that, as a part of his felony escape plea agreement, the "state promised [him] . . . a 1 year sentence at 30%, with 103 days jail credit in exchange for his admission of guilt." The Defendant asserted that, after he was incarcerated, he noticed that his judgment of conviction did not reflect the jail credit. He notified his defense counsel, and ultimately an amended judgment was issued in September 1998 showing the jail credit.

In the Defendant's Rule 36.1 motion currently before us, filed some seventeen years later, he now asserts that the trial court improperly granted him the 103 days of jail credit because the Court "effectively ran [his] felony escape sentence concurrent with his Sale of Controlled Substance offense when it awarded him 103 days jail credit that was promised to him by the State, in direct contravention of T.C.A. 39-16-605(c)."

The trial court summarily dismissed his petition, and the Defendant filed an appeal.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it summarily dismissed his petition because when the trial court awarded him 103 days of jail credit for his 1997 escape conviction, it had the effect of his serving his time for his drug-related convictions concurrently with his escape conviction, which is in contravention of statute. The State counters that the sentences about which the Defendant complains have expired, so he is not entitled to relief. We agree with the State.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). Rule 36.1 "does not authorize the correction of expired illegal sentences." *Id.* at 211. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive with, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising

2

from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

A rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App., at Knoxville, June 17, 2014), *no Tenn. R. App. P. 11 application filed*. As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. This Court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (quoting *State v. Mark Edward Greene*, No. 2013-02710-CCA-R3-CD, 2014 WL 3530960 (Tenn. Crim. App., at Nashville, July 16, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014)), *no Tenn. R. App. P. 11 application filed*. The following are examples of illegal sentences: (1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED)] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute. *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted).

The Tennessee Supreme Court has held:

Although pretrial jail credits allow a defendant to receive credit against his sentence for time already served, awarding or not awarding pretrial jail credits does not alter the sentence in any way, although it may affect the length of time a defendant is incarcerated. A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal, as the defendant in *Stubbs* chose to do. But a trial court's failure to award pretrial jail credits does not render the sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1. *See Wooden*, 478 S.W.3d at 595-96 (defining colorable claim as "a claim that, if taken as true

3

and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1").

*Brown*, 479 S.W.3d at 212-13.

In this case, the trial court awarded the Defendant 103 days of jail credit toward his sentence for escape as reflected by the September 3, 1998 judgment of conviction. First, there is nothing before this court to indicate that the jail credits were applied to both his sentence for his 1995 drug and firearm convictions and also to his 1998 escape conviction. The September 3, 1998 judgment of conviction reflects that the trial court ordered that the sentence for that conviction be served consecutively to his 1995 sentences. Second, all of those sentences, both the three-year 1995 sentence and the 1998 one-year sentence, have been served and are expired. The Defendant is currently incarcerated on sentences, both state and federal, unrelated to the 1995 and 1998 sentences. As previously stated and as the Tennessee Supreme Court made clear in *Brown*, a Rule 36.1 motion does not authorize the correction of an expired sentence. *See Brown*, at 211. Accordingly, we affirm the trial court's judgment.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE